UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE#2,<br>    Plaintiff, | CIVIL ACTION No: 3:21-cv-514 |
| v. | |
| THE LEGION OF CHRIST INCORPORATED, IMMACULATE CONCEPTION APOSTOLIC SCHOOL and DAVID CONSOLI<br>    Defendants | |

## COMPLAINT

Plaintiff, John Doe #2, by and through his undersigned counsel, hereby files this Complaint against Defendants, The Legion of Christ Incorporated, Immaculate Conception Apostolic School, and David Consoli, and alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, John Doe#2, is an adult male who is a citizen and resident of Bellevue, Ohio. Plaintiff is identified in this lawsuit by the pseudonym John Doe#2 in that this case involves facts of the utmost intimacy regarding Plaintiff's childhood sexual abuse, and Plaintiff fears further psychological injury if his name were publicly disclosed. At all material times, the Plaintiff was a student at the Immaculate Conception Apostolic School in Center Harbor, New Hampshire.

2. Defendant, The Legion of Christ Incorporated, is a Connecticut corporation with its headquarters and principal place of business located at 475 Oak Avenue in Cheshire, Connecticut. At all material times, The Legion of Christ was responsible for the assignment of priests, supervision of priests, and the implementation of policies and procedures at its parishes and Catholic schools,

1

including policies relating to the safety of children and prevention of childhood sexual abuse.

3. Defendant, Immaculate Conception Apostolic School (Hereinafter "I.C.A.S.") is a nonprofit corporation incorporated at 109 Dane Road in Center Harbor New Hampshire with its headquarters and principal place of business located in New Hampshire.

4. Defendant I.C.A.S. was owned and operated by Defendant The Legion of Christ Incorporated. Major decisions for I.C.A.S. were established from The Legion of Christ's headquarters in Connecticut.

5. Connecticut, as the headquarters for The Legion of Christ Incorporated, has the most significant relationship to the dispute and the parties. Connecticut is the state in which Defendant Legion of Christ Incorporated administers all of its subordinate programs, including the administration of the schools it owns and operates. The administration and/or supervision of I.C.A.S. by The Legion of Christ was under the direction and control of Defendant The Legion of Christ Incorporated's headquarters in Connecticut.

6. Defendants The Legion of Christ Incorporated and I.C.A.S. hereinafter are referred to collectively as "Legion of Christ."

7. Defendant David Consoli ("Brother Consoli") was at all material times an adult male, resident of Center Harbor, New Hampshire, and an employee/agent of Legion of Christ assigned to I.C.A.S. He is currently a resident of Massachusetts.

8. Venue properly lies in this District in that Defendant, The Legion of Christ Incorporated, is headquartered in this District and made major decisions for Defendants out of its Connecticut headquarters.

9. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 in that this matter is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## BACKGROUND

10. In approximately 1941, Marcial Maciel founded a religious order that soon thereafter became The Legion of Christ. In approximately 1944, Fr. Maciel was ordained as a Roman Catholic Priest by his uncle, the Bishop of Cuernavaca, Mexico.

11. Beginning at least as early as the 1950's, Fr. Maciel was engaged in the sexual molestation of children, use of drugs and financial improprieties. Some of the children he victimized were children whom he recruited for The Legion of Christ and some were Fr. Maciel's biological children whom he fathered while functioning as the leader of Defendants' organization. Fr. Maciel's actions continued throughout his life until his death in approximately 2008.

12   I.C.A.S. was a private Roman Catholic boarding school for boys in grades seven through twelve. Its objective was to educate high school candidates for the clergy of the Legion. The Legion of Christ founded I.C.A.S in 1982 in Center Harbor, New Hampshire. Sexual abuse by at least three staff members occurred at I.C.A.S. between 1982 and 1995. Legion of Christ employee Francisco Cardona sexually abused students at I.C.A.S. in the 1980s. Legion of Christ employee Fernando Cutanda sexually abused students in 1984-1985 and in 1989. This abuse was known to Legion of Christ priest Fergus O'Carroll at the time, but neither parents nor students were notified. The Legion of Christ permitted Cutanda to be ordained a priest in 1993 despite knowledge of his crimes. Legion of Christ employee Oscar Turrion sexually abused a

student in 1992 or 1993. Legion of Christ priest Eduardo de la Torre was aware of this abuse at the time. Turrion was nevertheless permitted to return to I.C.A.S. to help with a "Summer Program" for prospective students in 1995. The Legion of Christ likewise permitted Turrion to be ordained a priest in 2000. Turrion left the priesthood in 2017 after acknowledging fathering two children while a priest.

## **SEXUAL ABUSE OF JOHN DOE#2**

13. In 1997 the Plaintiff, who was approximately thirteen years of age, commenced schooling at I.C.A.S. He remained there until the approximate age of fifteen years.

14. While the Plaintiff attended I.C.A.S., Defendant Brother Consoli sexually abused him on at least twelve different occasions by fondling the Plaintiff's penis.

15. Brother Consoli was a staff member of I.C.A.S. and a superior and supervisor of the Plaintiff at I.C.A.S.

16. During the time Brother Consoli was a superior and supervisor of the Plaintiff, he gave him extra attention and interaction, and treated the Plaintiff as "special" to Brother Consoli.

17. At all times relevant herein, Brother Consoli made it clear through his actions that the Plaintiff was expected to be silent about the abuse, that he was not to challenge his superior, and to do so was a sin.

18. The above sexual abuse committed upon the Plaintiff was without the Plaintiff's consent, against his will, and was so offensive to him that he did report the conduct to Father David Steffie.

19. At some point thereafter, Brother Consoli left or was removed from the school.

20. Upon information and belief, prior to the sexual abuse of the Plaintiff, Defendants were aware that Brother Consoli engaged in sexual activity with other minor students at I.C.A.S.

## COUNT I - NEGLIGENCE
## (AS TO DEFENDANT THE LEGION OF CHRIST INCORPORATED)

1. The Plaintiff readopts and realleges all of the allegations set forth in Paragraphs 1 through 20 as though fully set forth herein.

21. Defendant the Legion of Christ was in a special relationship with the Plaintiff of school-student, such that it owed a duty to protect the Plaintiff from foreseeable harms on school grounds and during school-related activities. In this regard, Defendant was *in loco parentis* with the Defendant's students, including the Plaintiff, which imputed on Defendant a duty to use reasonable care to protect the safety, care, well-being, and health of the minor Plaintiff while he was in their care and custody.

22. Defendant's duties encompassed using reasonable care in the retention, assignment and/or supervision of priests and supervising Legionary who would not pose a threat to the safety, care, health, and well-being of minors.

23. Defendant was in a special relationship with Brother Consoli of employer and employee/agent such that it had a duty to take steps to make sure that Brother Consoli was safe before giving him access to students.

24. At all relevant times. Defendant knew or in the exercise of reasonable care should have known that Brother Consoli was unfit to work with minors; dangerous; and a threat to the health, safety, and welfare of the Plaintiff.

25. Defendant knew of the prevalence of sexual abuse by their clergy and brotherhood and that pedophilia was a problem in the recruitment and retention of Catholic clergy.

26. Despite knowledge of Brother Consoli's serious threat to the health, safety, and welfare of minors, Defendant continued to provide Brother Consoli with unfettered access to minors, including the Plaintiff.

27. Defendant had a duty in hiring, retaining and supervising Brother Consoli to prevent foreseeable harm to students and prevent educator sexual misconduct.

28. Defendant had a duty to adequately train teachers and staff in protecting children from educator sexual misconduct.

29. Despite Defendant's knowledge of Brother Consoli's dangerous sexual propensities, as described above, Defendant breached its duties to protect the Plaintiff by allowing Brother Consoli to serve as a staff member, giving him access to male students, and by failing to institute any supervision of Brother Consoli's contact with male students.

30. Defendant breached its duty to protect the Plaintiff by providing Brother Consoli with unfettered and unsupervised access to the Plaintiff on multiple occasions, needlessly endangering the Plaintiff's health and safety.

31. Defendant breached its duties to the Plaintiff by failing to protect the minor Plaintiff from sexual assault, harassment, and lewd and lascivious acts committed upon the Plaintiff while he was present on school grounds, during school hours, and/or during school-related activities.

32. Defendant breached these duties by failing to use reasonable care to provide a safe environment for the Plaintiff where he would be free from the unwanted sexual advances and dangerous propensities of Brother Consoli.

33. Defendant breached its duties by failing to establish and implement adequate policies to protect students from sexual abuse by staff.

34. Defendant breached its duties by failing to take corrective action or adequately investigate reports or allegations of sexual misconduct by Brother Consoli

35. Defendant breached its duty in hiring, retaining and supervising Brother Consoli, which placed Brother Consoli in a position to sexually assault the Plaintiff.

36. Given Defendant's constructive and actual knowledge of the dangerous propensities of Brother Consoli, the sexual assault of the Plaintiff was reasonably foreseeable to Defendant.

37. As a direct and proximate result of Defendant's breach of its duties the Plaintiff was sexually abused by Brother Consoli while attending I.C.A.S.

38. As a direct and proximate result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer injuries of a serious nature including mental and emotional distress, anxiety, psychological and psychiatric scarring, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and costs associated with medical/psychological care and treatment. These injuries and damages are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

**COUNT II- RECKLESSNESS**
**(AS TO DEFENDANT THE LEGION OF CHRIST INCORPORATED)**

1. Paragraphs 1 through 38 of the First Count are hereby incorporated as Paragraphs 1 through 38 of this Second Count, as if fully set forth herein.

39. Defendant The Legion of Christ, acting through its administrators, agents, and employees, was consciously aware of the fact that it created a substantial risk of injury to the Plaintiff.

40. Notwithstanding the Defendant's conscious awareness of the risk to the Plaintiff, the Defendant failed to take necessary and appropriate steps to reduce or eliminate the risk.

41. Notwithstanding the Defendant's conscious awareness of the risk to the Plaintiff, the Defendant took affirmative steps to exacerbate the risk and to make harm and injury to the Plaintiff more likely, including, but not limited to, permitting Brother Consoli to have access to Plaintiff despite knowing of his dangerous propensities, and failing to take immediate and proper steps to limit contact between Brother Consoli and Plaintiff.

42. The injuries suffered by the Plaintiff were caused by the reckless or callous indifference, or the wanton misconduct, of the Defendant.

### COUNT III- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (AS TO DEFENDANT THE LEGION OF CHRIST INCORPORATED)

1. Paragraphs 1 through 38 of the First Count are hereby incorporated as Paragraphs 1 through 38 of this Third Count, as if fully set forth herein.

39. The Defendant created an unreasonable risk of causing the Plaintiff emotional distress.

40. The Plaintiff's distress was foreseeable.

41. The emotional distress was severe enough that it might result in illness or bodily harm.

42. The Defendant's conduct was the cause of the Plaintiff's distress.

## COUNT IV- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AS TO DEFENDANT THE LEGION OF CHRIST INCORPORATED)

1. Paragraphs 1 through 38 of the First Count are hereby incorporated as Paragraphs 1 through 38 of this Fourth Count, as if fully set forth herein.

39. The Defendant intended to inflict emotional distress or it knew that emotional distress was the likely result of its conduct.

40. The Defendant's conduct was extreme and outrageous.

41. The Defendant's conduct was the cause of the Plaintiff's distress.

42. The emotional distress sustained by the Plaintiff was severe.

## COUNT V- BREACH OF FIDUCIARY DUTY
## (AS TO DEFENDANT THE LEGION OF CHRIST INCORPORATED)

1. Paragraphs 1 through 38 of the First Count are hereby incorporated as Paragraphs 1 through 38 of this Fifth Count, as if fully set forth herein.

39. The relationship between the Defendant and Plaintiff, as school-student, was a special relationship between the parties such that the Defendant owed a fiduciary duty to the Plaintiff.

40. This fiduciary duty gave rise to (a) a duty of loyalty on the part of the Defendant to the Plaintiff; (b) an obligation on the part of the Defendant to act in the best interests of the Plaintiff; and (c) an obligation on the part of the Defendant to act in good faith in any manner relating to the Plaintiff.

41. The Defendant advanced its own interests to the detriment of the Plaintiff.

42. The Plaintiff has sustained damages.

43. The Plaintiff's damages were proximately caused by the Defendant's breach of its fiduciary duty.

### COUNT VI - BREACH OF THE SPECIAL DUTY OF CARE
### (AS TO DEFENDANT THE LEGION OF CHRIST INCORPORATED)

1. Paragraphs 1 through 38 of the First Count are hereby incorporated as Paragraphs 1 through 38 of this Sixth Count, as if fully set forth herein.

39. The relationship between the Defendant and Plaintiff, as school-student, was a special relationship between the parties such that the Defendant owed a special duty of care to protect the Plaintiff from criminal acts of its employees and/or agents.

40. The Defendant knew, or should have known, of Brother Consoli's propensity to engage in sexual abuse of minor students, and failed to protect the Plaintiff from Brother Consoli.

41. It was reasonably foreseeable that Brother Consoli would sexually abuse the students in his care and custody, including the Plaintiff.

42. The Plaintiff's damages were proximately caused by the Defendant's breach of its special duty of care to the Plaintiff.

### COUNT VII - NEGLIGENCE
### (AS TO DEFENDANT IMMACULATE CONCEPTION APOSTOLIC SCHOOL)

1. The Plaintiff readopts and realleges all of the allegations set forth in Paragraphs 1 through 20 as though fully set forth herein.

21. Defendant I.C.A.S. was in a special relationship with the Plaintiff of school-student, such that it owed a duty to protect the Plaintiff from foreseeable harms on school grounds and during school-related activities. In this regard, Defendant was *in*

10

*loco parentis* with the Defendant's students, including the Plaintiff, which imputed on Defendant a duty to use reasonable care to protect the safety, care, well-being, and health of the minor Plaintiff while he was in their care and custody.

22. Defendant's duties encompassed using reasonable care in the retention, assignment and/or supervision of priests and supervising Legionary who would not pose a threat to the safety, care, health, and well-being of minors.

23. Defendant was in a special relationship with Brother Consoli of employer and employee/agent such that it had a duty to take steps to make sure that Brother Consoli was safe before giving him access to students.

24. At all relevant times. Defendant knew or in the exercise of reasonable care should have known that Brother Consoli was unfit to work with minors; dangerous; and a threat to the health, safety, and welfare of the Plaintiff.

25. Defendant knew of the prevalence of sexual abuse by their clergy and brotherhood and that pedophilia was a problem in the recruitment and retention of Catholic clergy.

26. Despite knowledge of Brother Consoli's serious threat to the health, safety, and welfare of minors, Defendant continued to provide Brother Consoli with unfettered access to minors, including the Plaintiff.

27. Defendant's duties encompassed using reasonable care in the retention, assignment and/or supervision of priests and supervising Brothers who would not pose a threat to the safety, care, health, and well-being of minors.

28. Defendant had a duty to adequately train teachers and staff in protecting children from educator sexual misconduct.

29. Despite Defendant's knowledge of Brother Consoli's dangerous sexual propensities, as described above, Defendant breached its duty to protect the Plaintiff by allowing Brother Consoli to serve as a staff member, giving him access to male students, and by failing to institute any supervision of Brother Consoli's contact with male students.

30. Defendant breached its duty to protect the Plaintiff by providing Brother Consoli with unfettered and unsupervised access to the Plaintiff on multiple occasions, needlessly endangering Plaintiff's health and safety.

31. Defendant breached its duties to the Plaintiff by failing to protect the minor Plaintiff from sexual assault, harassment, and lewd and lascivious acts committed upon the Plaintiff while he was present on school grounds, during school hours, and/or during school-related activities.

32. Defendant breached these duties by failing to use reasonable care to provide a safe environment for the Plaintiff where he would be free from the unwanted sexual advances and dangerous propensities of Brother Consoli.

33. Defendant breached its duties by failing to establish and implement adequate policies to protect students from sexual abuse by staff.

34. Defendant breached its duties by failing to take corrective action or adequately investigate reports or allegations of sexual misconduct by Brother Consoli

35. Defendant breached its duty in hiring, retaining, and supervising Brother Consoli, which placed Brother Consoli in a position to sexually assault the Plaintiff.

36. Given the constructive and actual knowledge of Defendant concerning the dangerous propensities of Brother Consoli, the sexual assault of the Plaintiff was reasonably foreseeable to Defendant.

37. As a direct and proximate result of Defendant's breach of its duties, the Plaintiff was sexually abused by Brother Consoli while attending I.C.A.S.

38. As a direct and proximate result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer injuries of a serious nature including mental and emotional distress, anxiety, psychological and psychiatric scarring, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and costs associated with medical/psychological care and treatment. These injuries and damages are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

## COUNT VIII - RECKLESSNESS
### (AS TO DEFENDANT IMMACULATE CONCEPTION APOSTOLIC SCHOOL)

1. Paragraphs 1 through 38 of the Seventh Count are hereby incorporated as Paragraphs 1 through 38 of this Eighth Count, as if fully set forth herein.

39. Defendant I.C.A.S., acting through its administrators, agents, and employees, was consciously aware of the fact that it created a substantial risk of injury to the Plaintiff.

40. Notwithstanding the Defendant's conscious awareness of the risk to the Plaintiff, the Defendant failed to take necessary and appropriate steps to reduce or eliminate the risk.

41. Notwithstanding the Defendant's conscious awareness of the risk to the Plaintiff, the Defendant took affirmative steps to exacerbate the risk and to make harm and injury to the Plaintiff more likely, including, but not limited to, permitting Brother Consoli to have access to Plaintiff despite knowing of his dangerous propensities, and

13

failing to take immediate and proper steps to limit contact between Brother Consoli and Plaintiff.

42. The injuries suffered by the Plaintiff were caused by the reckless or callous indifference or the wanton misconduct of the Defendant.

**COUNT IX - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(AS TO DEFENDANT IMMACULATE CONCEPTION APOSTOLIC SCHOOL)**

1. Paragraphs 1 through 38 of the Seventh Count are hereby incorporated as Paragraphs 1 through 38 of this Ninth Count, as if fully set forth herein.

39. The Defendant created an unreasonable risk of causing the Plaintiff's emotional distress.

40. The Plaintiff's distress was foreseeable.

41. The emotional distress was severe enough that it might result in illness or bodily harm.

42. The Defendant's conduct was the cause of the Plaintiff's distress.

**COUNT X - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(AS TO DEFENDANT IMMACULATE CONCEPTION APOSTOLIC SCHOOL)**

1. Paragraphs 1 through 38 of the Seventh Count are hereby incorporated as Paragraphs 1 through 38 of this Tenth Count, as if fully set forth herein.

39. The Defendant intended to inflict emotional distress or it knew that emotional distress was the likely result of its conduct.

40. The school's conduct was extreme and outrageous.

41. The school's conduct was the cause of the Plaintiff's distress.

42. The emotional distress sustained by the Plaintiff was severe.

**COUNT XI - BREACH OF FIDUCIARY DUTY**
**(AS TO DEFENDANT IMMACULATE CONCEPTION APOSTOLIC SCHOOL)**

1. Paragraphs 1 through 38 of the Seventh Count are hereby incorporated as Paragraphs 1 through 38 of this Eleventh Count, as if fully set forth herein.

39. The relationship between the Defendant and Plaintiff, as school-student, was a special relationship between the parties such that the Defendant owed a fiduciary duty to the Plaintiff.

40. This fiduciary duty gave rise to (a) a duty of loyalty on the part of the Defendant to the Plaintiff; (b) an obligation on the part of the Defendant to act in the best interests of the Plaintiff; and (c) an obligation on the part of the Defendant to act in good faith in any manner relating to the Plaintiff.

41. The Defendant advanced its own interests to the detriment of the Plaintiff.

42. The Plaintiff has sustained damages.

43. The Plaintiff's damages were proximately caused by the Defendant's breach of its fiduciary duty.

**COUNT XII - BREACH OF THE SPECIAL DUTY OF CARE**
**(AS TO DEFENDANT IMMACULATE CONCEPTION APOSTOLIC SCHOOL)**

1. Paragraphs 1 through 38 of the Seventh Count are hereby incorporated as Paragraphs 1 through 38 of this Twelfth Count, as if fully set forth herein.

39. The relationship between the Defendant and Plaintiff, as school-student, was a special relationship between the parties such that the Defendant owed a special duty of care to protect the Plaintiff from criminal acts of its employees and/or agents.

40. The Defendant knew, or should have known, of Brother Consoli's propensity to engage in sexual abuse of minor students, but failed to protect the Plaintiff from Brother Consoli.

41. It was reasonably foreseeable that Brother Consoli would sexually abuse the students in his care and custody, including the Plaintiff.

42. The Plaintiff's damages were proximately caused by the Defendant's breach of its special duty of care to the Plaintiff.

### COUNT XIII - NEGLIGENCE
### (AS TO DEFENDANT DAVID CONSOLI)

1. The Plaintiff readopts and realleges all of the allegations set forth in Paragraphs 1 through 20 as though fully set forth herein.

21. Defendant David Consoli owed a duty to Plaintiff to not engage in activity that could and/or would harm him.

22. As a teacher and Superior with the Legion of Christ, Defendant's duties also encompassed the protection and supervision of the Plaintiff and otherwise providing a safe environment for the Plaintiff while on school premises.

23. Defendant breached his duty to protect the Plaintiff by engaging in "grooming" behavior designed to entice the Plaintiff into a sexual act.

24. Defendant breached his duty to protect the Plaintiff by physically touching and sexually abusing the Plaintiff.

25. As a direct and proximate result of the negligence of the Defendant, the Plaintiff suffered and continues to suffer injuries of a serious nature including mental and emotional distress, anxiety, psychological and psychiatric scarring, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation, and costs associated with medical/psychological care and treatment. These injuries and damages are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

## COUNT XIV - BATTERY
## (AS TO DEFENDANT DAVID CONSOLI)

1. The Plaintiff readopts and realleges all of the allegations set forth in Paragraphs 1 through 20 as though fully set forth herein.

21. The Defendant intended to or knew that his touching of the Plaintiff would cause harmful or offensive contact.

22. The Defendant did cause harmful or offensive contact with the Plaintiff.

23. As a direct and proximate result of the battery of the Defendant, the Plaintiff suffered and continues to suffer injuries of a serious nature including mental and emotional distress, anxiety, psychological and psychiatric scarring, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and costs associated with medical/psychological care and treatment. These injuries and damages are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

## COUNT XV – RECKLESSNESS
## (AS TO DEFENDANT DAVID CONSOLI)

1. Paragraphs 1 through 25 of the Thirteenth Count are hereby incorporated as Paragraphs 1 through 25 of this Fifteenth Count, as if fully set forth herein.

26. Defendant David Consoli was consciously aware of the fact that his conduct created a substantial risk of injury to the Plaintiff.

27. Notwithstanding the Defendant's conscious awareness of the risk to the Plaintiff, the Defendant failed to take necessary and appropriate steps to reduce or eliminate the risk.

28. Notwithstanding the Defendant's conscious awareness of the risk to the Plaintiff, the Defendant took affirmative steps to exacerbate the risk and to make harm and injury to the Plaintiff more likely, including, but not limited to, "grooming" the Plaintiff and physically sexually abusing the Plaintiff.

30. The injuries suffered by the Plaintiff were caused by the reckless or callous indifference, or the wanton misconduct, of the Defendant.

### COUNT XVI - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AS TO DEFENDANT DAVID CONSOLI)

1. Paragraphs 1 through 25 of the Thirteenth Count are hereby incorporated as Paragraphs 1 through 25 of this Sixteenth Count, as if fully set forth herein.

26. The Defendant created an unreasonable risk of causing the Plaintiff's emotional distress.

27. The Plaintiff's distress was foreseeable.

28. The emotional distress was severe enough that it might result in illness or bodily harm.

29. The Defendant's conduct was the cause of the Plaintiff's distress.

### COUNT XVII - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AS TO DEFENDANT DAVID CONSOLI)

1. Paragraphs 1 through 25 of the Thirteenth Count are hereby incorporated as Paragraphs 1 through 25 of this Seventeenth Count, as if fully set forth herein.

26. The Defendant intended to inflict emotional distress or he knew that emotional distress was the likely result of his conduct.

27. The Defendant's conduct was extreme and outrageous.

28. The Defendant's conduct was the cause of the Plaintiff's distress.

29. The emotional distress sustained by the Plaintiff was severe.

## COUNT XVIII - BREACH OF FIDUCIARY DUTY
## (AS TO DEFENDANT DAVID CONSOLI)

1. Paragraphs 1 through 25 of the Thirteenth Count are hereby incorporated as Paragraphs 1 through 25 of this Eighteenth Count, as if fully set forth herein.

26. The relationship between the Defendant and Plaintiff, as teacher-student, was a special relationship between the parties such that the Defendant owed a fiduciary duty to the Plaintiff.

27. This fiduciary duty gave rise to (a) a duty of loyalty on the part of the Defendant to the Plaintiff; (b) an obligation on the part of the Defendant to act in the best interests of the Plaintiff; and (c) an obligation on the part of the Defendant to act in good faith in any manner relating to the Plaintiff.

28. The Defendant advanced his own interests to the detriment of the Plaintiff.

29. The Plaintiff has sustained damages.

30. The Plaintiff's damages were proximately caused by the Defendant's breach of its fiduciary duty.

## COUNT XIX - BREACH OF THE SPECIAL DUTY OF CARE
## (AS TO DEFENDANT DAVID CONSOLI)

1. Paragraphs 1 through 25 of the Thirteenth Count are hereby incorporated as Paragraphs 1 through 25 of this Nineteenth Count, as if fully set forth herein.

26. The relationship between the Defendant and Plaintiff, as teacher-student, was a special relationship between the parties such that the Defendant owed a special duty of care to protect the Plaintiff from criminal and harmful acts.

27.     The Defendant breached this special duty of care by engaging in "grooming" behavior with the Plaintiff and sexually abusing the Plaintiff.

28.     The Plaintiff's damages were proximately caused by the Defendant's breach of its special duty of care to the Plaintiff.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter judgment against the defendants The Legion of Christ Incorporated, Immaculate Conception Apostolic School, and David Consoli and award all damages including compensatory damages and special damages, punitive damages, costs, interest, and any other relief that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby requests a trial by jury on all issues contained in this Complaint.

Dated: April 14, 2021.

                Respectfully Submitted,
                The Plaintiff,

                BY: /s/ Patrick Tomasiewicz ct01320
                     Patrick Tomasiewicz ct01320
                     Fazzano & Tomasiewicz, LLC
                     96 Oak Street
                     Hartford, CT  06106
                     Tel: (860) 231-7766
                     Fax: (860) 560-7359
                     pt@ftlawct.com